IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SHAW

VS.                                                                  CIVIL ACTION NO. 1:07cv0001-KS-MTP

JEFFERY ROGERS, ET AL

ORDER ON DEFENDANT JUSTICE COURT JUDGE
TERESA DEARMAN'S MOTION TO DISMISS

This cause is before the Court on [18] Motion by Defendant Justice Court Judge Teresa Dearman to dismiss pursuant to Rule 12(b) of the Fed. R. Civ. P. that was filed March 9, 2007, no response having been made by Respondent Charles Shaw, and the Court after considering the motion, the authorities cited, and being fully advised, does hereby find that the Motion to Dismiss should be sustained for the reasons hereinafter set forth.

*Preliminary issue regarding the status of Justice Court Judge Teresa Dearman.*

The records of the Secretary of State's office indicate that Teresa Dearman is the duly elected Justice Court Judge for Stone County, Mississippi for the period 2004-2008. The Court takes judicial notice of this fact. Rule 201(b)(d) Federal Rules of Evidence.

*Factual background.*

Plaintiff Charles Shaw ("Shaw") was issued three traffic tickets in Stone County, Mississippi for driving without a license, driving an automobile that lacked an inspection sticker and driving an automobile that lacked a valid Mississippi tag. In October 2006 Shaw appeared before Judge Teresa Dearman ("Dearman") and entered a plea of not guilty to all charges.

1

Following a trial Shaw was found guilty on all three charges. An appeal was taken to the Circuit Court of Stone County and a trial *de novo* was scheduled for January 8, 2007 before Circuit Judge Roger Clark.[1] When Shaw failed to appear Judge Clark dismissed the appeal and issued a *Writ of Procedendo*

Following the dismissal of the appeal, Shaw filed suit in this Court against Jeffery Rogers the arresting officer, Justice Court Judge Dearman, Circuit Court Judge Clark, and the prosecuting attorney Thomas M. Matthews, Jr.

*Analysis*

A judge's right to absolute immunity from suit for damages arising out of exercise of their judicial functions has long been a part of our law. See *Walter v. Torres*, 917 F. 2d 1379, 1383 (5th Cir. 1990). Rule 12(b) states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service or process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.... if on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of provided in Rule 56, and all parties shall be given reasonable opportunity to

---

[1] Secretary of State's records also indicate that Circuit Judge Roger Clark is the duly elected and serving Circuit Court Judge for the Second District of Mississippi, which includes Stone County, and the Court takes judicial notice that Circuit Judge Roger Clark is the duly elected, sworn and serving Circuit Judge for said district. F.R.E. 201.

present all material made pertinent to such a motion by Rule 56.

The claim against Dearman is covered by the Doctrine of Judicial Immunity. Nowhere does Shaw allege any facts regarding Dearman other than that she acted as a judge and in acting in that capacity found him guilty of the traffic violations. If her actions are covered by judicial immunity then no claim for damages is proper against her for actions committed while preforming her judicial functions and, therefore, the complaint should be dismissed pursuant to Rule 12(b).

Movant has also pled the *Heck -Humphrey* Doctrine.[2][3] In *Heck* the Court states:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction of sentence valid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a *writ of habeas corpus*, 28 U.S.C. § 2254.

The 1983 claim of Shaw falls under the Rule in *Heck* and is therefore legally frivolous unless the conviction has been reversed, expunged, invalidated, or called into question, which it has not.

Additionally, Dearman has claimed the *Rooker-Feldman* Doctrine which is a jurisdictional bar to federal statutory and constitutional claims that are "inextricably intertwined" with the state court's judgment. *Chrissy F. v. Mississippi Department of Public Welfare*, 995 F.

---

[2]*Heck v. Humphrey*, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

[3]Absolute judicial immunity has two exceptions: (1) actions that are administrative in nature and (2) when a clearly exceeds the jurisdiction. Neither of these exceptions apply to the facts of this case.

2d 595, 599 (5th Cir. 1993). Shaw's claim for momentary damages is inextricably intertwined with the state court judgment (his conviction for the three traffic offenses) and, therefore, is barred by this doctrine.

For the reasons above cited, the plaintiff's complaint against Judge Teresa Dearman is barred by the Doctrine of Judicial Immunity, etc., and the complaint against her is dismissed with prejudice.

SO ORDERED this, the 30th day of April, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE