IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES SHAW**                                                                                **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 1:07cv1KS-MTP**

**JEFFERY ROGERS, ET AL**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the court on separate Motions to Dismiss filed on behalf of Defendant Rogers **[#6]**, Defendant Clark **[#15]** and Defendant Matthews **[#14]** pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and on Motion for Partial Summary Judgment pursuant to Rule 56 filed by the plaintiff, Charles Shaw **[#8]**. The court after considering the motions, the responses, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the all of the defendants' Motions to Dismiss should be sustained and that the plaintiff's Motion for Partial Summary Judgment should be denied, for the reasons hereinafter set forth.

## FACTUAL BACKGROUND

Plaintiff Charles Shaw ("Shaw") was issued three traffic tickets in Stone County, Mississippi for driving without a license and driving an automobile that lacked an inspection sticker and a valid Mississippi tag. In October of 2006, Shaw appeared before Judge Teresa Dearman ("Dearman") and entered a plea of not guilty to all

charges.  Following a trial, where Defendant Thomas M. Matthews, Jr. ("Matthews") was the County Prosecutor, Shaw was found guilty on all three charges.  Shaw appealed his conviction to the Circuit Court of Stone County where a trial *de novo* was scheduled for January 8, 2007, before Circuit Judge Roger Clark ("Judge Clark").

Shaw failed to appear for the scheduled trial and Judge Clark dismissed the appeal and issued a *Writ of Procedendo* which affirmed the Justice Court Judgment and the fine in the amount of $576.00.  Thereafter, Shaw filed the instant suit against Jeffery Rogers, the arresting officer, Justice Court Judge Dearman, Circuit Court Judge Clark, and the prosecuting attorney Thomas M. Matthews, Jr., as well as against every sitting federal judge, magistrate judge and bankruptcy judge in Mississippi and every sitting circuit judge on the Fifth Circuit Court of Appeals.

Only Officer Rogers, Judge Dearman, Judge Clark and Prosecutor Matthews have been properly served and are parties before the court.  Judge Dearman was dismissed by order of this court on May 1, 2007.  The motions to dismiss of Judge Clark, Officer Rogers and Prosecutor Matthews are now before the court asserting a lack of subject matter jurisdiction, lack of *in personam* jurisdiction, insufficiency of process, insufficiency of service of process and failure to state a claim, under Rule 12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil Procedure.  The plaintiff's Rule 56 Motion is also before the court, but due to the disposition related to the defendants' motions to dismiss, it will not be necessary for the court to address it on the merits.

## **STANDARD OF REVIEW**

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address such at any time during the pendency of the litigation that it is asserted or even upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. If, however, the court limits its review to the face of the pleadings, the safeguards under Rule 12(b)(6) apply as will be discussed hereinafter.

If the court considers external matters to the pleadings, the allegations of the complaint need not be taken as true. If the factual matters considered outside the pleadings are undisputed, the court need not make specific factual findings for the record. Conversely, if the court is called upon to make factual determinations to support its order, they should be stated specifically. *See, Williamson v. Tucker, supra*.

The defendants attack on this court's *in personam* jurisdiction is brought pursuant to Rule 12(b)(2). "The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a [ ] defendant." *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), *cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983). When the court does not rely on an evidentiary hearing but instead decides such a motion on the basis of pleadings and exhibits on file, the party urging jurisdiction is only required to present a *prima facie* case of personal jurisdiction. See *Brown v. Flowers Industries, Inc., supra; DeMelo v. Toche*

*Marine Inc.*, 711 F.2d 1260, 1270-71, (5th Cir. 1983), and *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

As the Fifth Circuit has stated, on a Rule 12(b)(2) motion, "the allegations of the complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the [plaintiff] for purposes of determining whether a *prima facie* case for personal jurisdiction has been established." *Thompson*, 755 F.2d at 1165 (quoting *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270-71). "Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established.'" *DeMelo*, 711 F.2d at 1270, (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d at 333)(and quoting *United States Ry. Equipment Company v. Port Huron and Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir. 1974)).

Rule 12(b)(4) is the proper challenge when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served. Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper Summons and Complaint. "If a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void *ab initio* and . . . there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." *Sweeney v. Greenwood Index- Journal Co.*, 37 F. Supp. 484 (D.C. S.C. 1941). *See also* WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §

1353 (1990).

The defendants have also moved the court to dismiss this matter under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).   Even where a plaintiff fails to respond to the motion, the court is required to view the facts in the light most favorable to him.  *See Id*.

## ANALYSIS

The plaintiff seeks to invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1331.  Section 1331 provides that district courts have original jurisdiction over civil action in which a federal question is presented.  In this case, the plaintiff attempts asserts a federal question by stating that his claims include violations of 42 U.S.C. § 1983 and 18 U.S.C. § 1962.  However, the plaintiff clearly fails to state a claim

cognizable under either of these statutes.

### Section 1983 and *Heck v. Humphrey*

The plaintiff's claims purportedly brought pursuant to 42 U.S.C. § 1983 are barred pursuant to the rule articulated by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Court stated:

> [w]e hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *Witt v. Comm'r of MDOC*, No. 3:05-cv-426BN, 2006 WL 446092, at *2 (S.D.Miss. February 17, 2006). Thus, the plaintiff has failed to present a cognizable claim under § 1983.

### RICO Claims

The plaintiff also fails to state a claim under 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organization Act (RICO). Section 1962 provides, in part:

> (a) [i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such a person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or proceeds of such income in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

In this instance, the applicable phrase in the activities prohibited by § 1962 is "from a pattern of racketeering activity or through collection of an unlawful debt...." The plaintiff's claims against the defendants arise from the issuance of three lawful traffic citations, a lawful arrest, conviction and imposition of judgment and fine.

However, the plaintiff does not assert in his Complaint nor in his Amended Complaint that he, in fact, had a valid drivers license, a current car tag or a current motor vehicle inspection sticker at the time of his arrest or at the time of his conviction. Defendant Rogers issued the subject citations and arrested the plaintiff and he was lawfully convicted and sentenced pursuant to the laws of the State of Mississippi. The fines which resulted from the traffic citations clearly do not constitute the "collection of an unlawful debt" or "a pattern of racketeering activity," and obviously do not violate § 1962. Consequently, the remedies for a RICO violation enumerated in 18 U.S.C. § 1964 (a) and (c) and 28 U.S.C. § 2201 would not be applicable in this matter. Since no federal question exists in this matter, this court lacks subject matter jurisdiction and these claims should be dismissed.

**Judicial Immunity**

The Mississippi Secretary of State's records indicate that Circuit Judge Roger Clark is the duly elected and serving Circuit Court Judge for the Second District of Mississippi, which includes Stone County and that Thomas M. Matthews, Jr. is the duly elected and serving County Attorney for said county. Thus, the court takes judicial notice that Judge Clark is the duly elected and serving Circuit Judge for said district and that Thomas M. Matthews, Jr. is the duly elected and serving County Attorney for Stone

County, Mississippi.  Rule 201(b)(d) Federal Rules of Evidence.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  The Supreme Court has held that

> [f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher*, supra, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

It is also well settled that prosecutors are absolutely immune from §1983 suits for damages when they act within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) and *McGruder v. Necaise*, 733 F.Supp. 1146 (5th Cir. 1984).  *See also Harlowe v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).  Thus, the doctrines of judicial and prosecutorial immunity bar the plaintiff's claims against Circuit Court Judge Roger T. Clark and County Attorney/Prosecutor Thomas M. Matthews, Jr.

**_Eleventh Amendment Immunity_**

"The Eleventh Amendment prohibits the citizens from bringing suit against the state unless the state waives its immunity."  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)(*quoting Ex Parte Young*, 209 U.S. 123, 149, 28 S. Ct. 441, 449-50, 52 L. Ed. 714, 725 (1908)).  The Eleventh Amendment to the United States Constitution provides;

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

While the language of the Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Further, "[i]t is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Id.* "Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman*, 415 U.S. at 663.  Additionally, the "jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

"The Eleventh Amendment bars a suit against state officials when the 'state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101 (other citations omitted).  "Federal claims against state employees in their official capacities are the

9

equivalent of suits against the state." *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)*(quoting Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, note 55, 98 S. Ct. 2018, (1978)).  As the Supreme Court pointed out in *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945);

> [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

323 U.S. at 464.

"Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" *Pennhurst,* 465 U.S. at 101 (*citing, Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963)(*per curiam*)).  "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against the State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101-102, (*citing, Cory v. White*, 457 U.S. 85, 91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982)).

"[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.  A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121.  "It may be that applying the Eleventh Amendment to pendent claims results in federal claims being brought in state court, or in bifurcation of claims.  That is not uncommon in this area.  Under *Edelman v. Jordan, supra*, a suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst,* 465 at 122.

Furthermore, neither states nor officials of the state sued in their official capacity are amenable to suit under 42 U.S.C. § 1983 because they are not considered "persons" within the meaning of the statute.  "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  The *Will* Court went on to state;

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity, (citation omitted), or unless Congress has exercised its undoubted power under §5 of the Fourteenth Amendment to override that immunity.

491 U.S. at 66. Thus, the plaintiff's claims against the state officials in their official capacities, to the extent he seeks monetary damages from the state coffers, are subject to dismissal for this reason as well.

**Remaining Defendants**

This matter was filed on January 4, 2007.  Process was attempted on the four defendants referenced above, but not on any others.  Rule 4(j) provides that if service is not made within 120 days of the filing of the Complaint, and good cause for such failure is not shown, the court, on its own initiative, may dismiss the cause without prejudice.  The court finds that the plaintiff has failed to effect service of process on the remaining defendants, or to request an extension for good cause.  In fact, the plaintiff has not even attempted to serve the remaining defendants nor justify his failure to do so.  Thus, the

remaining defendants should be dismissed, without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the separate Motions to Dismiss filed on behalf of Defendant Rogers **[#6]**, Defendant Clark **[#15]** and Defendant Matthews **[#14]** are hereby Granted and the plaintiff's claims against these defendants are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the remaining defendants are dismissed, without prejudice, for failure of the plaintiff to timely serve process and that the Motion for Partial Summary Judgment **[#8]** filed by the plaintiff is Denied and that any other pending motion is denied as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 29th day of May, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE